UNITED STATES of America

v.

Wiliam A. ANDERSON et al.

Crim. No. 602–71.

United States District Court,
D. New Jersey.

Feb. 7, 1973.

---

Herbert J. Stern, U. S. Atty., Newark, N. J., by John J. Barry, Marc L. Dembling, David Hinden, Robert A. White, and M. Carolyn Ellis, Asst. U. S. Attys., for government.

Kairys & Rudovsky, by David Kairys, Philadelphia, Pa., for defendants Michael Doyle and Michael Giocondo.

Martin R. Stolar, New York City, co-counsel with David Kairys for defendants Michael Doyle and Joan Mary Reilly.

Ball, Broege, Elwell, Fogel & Livingston, Newark, N. J., by Edward Carl Broege, Jr., for defendants Robert W. Williamson and Rosemary Elizabeth Reilly.

Terry E. Buckalew, Paul B. Couming, Anne Grant Dunham, Peter Donald Fordi, Michael Giocondo, Robert Good, John Peter Grady, Margaret Mary Inness, Edward J. McGowan, Edward Joseph Murphy, Barry Musi, Rosemary Elizabeth Reilly, Kathleen Mary Ridolfi, John Robert Swinglish, all appearing pro se.

## MEMORANDUM AND ORDER

CLARKSON S. FISHER, District Judge.

The proceedings against the defendants in this criminal matter have reached a critical stage. This Court dealt with numerous prosecution and defense motions on February 5, 1973 while the panel of more than one hundred thirty prospective jurors waited in the courthouse for the juror selection process to commence.

Upon the request of the defendants, the Court granted a recess of one day, February 6, 1973 to allow for a proper consideration and resolution of these motions.

Newspaper and television reports have accompanied this case since its inception in 1971. The events of February 5, 1973 were reported in *The New York Times*, the *Philadelphia Inquirer* and by local television stations in Philadelphia and Trenton. Because this widely publicized case involves numerous defendants, the jury selection process will involve many citizens who must, unless excused by the Court, become a member of the pool from which ultimately the petit jury for this trial will be selected. These prospective jurors have not been sequestered for obvious convenience and cost reasons at this point of the proceed-

ings. It is not expected that the petit jury for this case will be sequestered, although this Court will enter the appropriate order if that necessity arises.

In view of the wide dissemination of newspaper and television publicity surrounding this trial, particularly surrounding the events of February 5, 1973, in view of the large number of prospective jurors, and considering the defendants' constitutional rights to a dignified public trial in a calm and serene atmosphere under Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), this Court finds it necessary and in the interests of justice to enter, on its own motion, a special order pursuant to Rule 36 of the Rules of the District Court for the District of New Jersey. Because of the widespread publicity surrounding this trial, the juror selection process, and the conduct of some parties in the courtroom with the media on February 5, 1973, this Court finds a reasonable likelihood that a fair trial by an impartial jury will not result unless appropriate steps to avoid a "carnival atmosphere" are taken concerning the conduct of the trial and the extrajudicial statements by parties, witnesses, and prospective witnesses which are likely to interfere with the rights of those accused and the government.

■ Accordingly, it is hereby ordered that all parties, witnesses, and prospective witnesses, including each and every defendant shall not make nor participate in making any extra-judicial statement, written or oral, other than a quotation from or reference to without comment the public records of the Court in this case which a reasonable person would expect to be disseminated by means of public communication which relates to:

(1) Evidence regarding the occurrences or transactions involved in this litigation;

(2) The character, credibility, or criminal record of a party, witness or prospective witness;

(3) The performance or results of any examinations or tests or the refusal or failure of a party to submit to such;

(4) His opinion as to the merits of the claims or defenses of a party, except as required by law or administrative rule;

(5) Any other matter reasonably likely to interfere with a fair trial of this case such as but not limited to the existence or contents of any confession, admission, or statement given by any defendant; the possibility of a plea of guilty to the offense charged or a lesser offense; or any opinion as to any defendant's guilt or innocence.

■ It is further ordered that in connection with this litigation no photographing, recording any voice (except by the court reporters), broadcasting by radio, television or other means in the courtroom or its environs, including the entire United States Court House at Camden, shall be permitted during these proceedings.

■ It is further ordered that no defendant, witness, or prospective witness shall give or authorize any extra-judicial statement or interview relating to the trial or the parties or issues in the trial which a reasonable person would expect to be disseminated by means of public communication in the courtroom where any proceeding in this case is to be held.

It is further ordered that all counsel, prosecution or defense, shall strictly adhere to the requirements of Rule 36 of the Rules of the District Court for the District of New Jersey. All counsel means the prosecuting attorney and his associate attorneys as well as the retained or court appointed counsel and their associate attorneys for the defense and those defendants who have chosen to act in their defense as attorneys.

It is further ordered that no person covered by this order shall avoid its proscriptions by actions which indirectly, but deliberately, cause a violation of this order.

Violation of this order in any manner subjects the transgressor to appropriate sanctions by this Court. This order shall remain in force during the pendency of this action in this Court.